IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FIRST BANK OF ALABAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:25-CV-078-KFP |
| ) | |
| TIME SAVER LAND MANAGEMENT ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

As is its responsibility, the Court sua sponte considers its subject matter jurisdiction over this action. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) ("Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute.").

On January 27, 2025, Time Saver Land Management LLC ("Time Saver"), Brandon Cole, and Sylvia Cole removed this action arguing federal-question subject matter jurisdiction existed because their counterclaims arose under federal statutes.[1] Doc. 1 ¶ 3. On February 24, 2025, the Court, sua sponte, "question[ed] whether federal questions raised in a counterclaim are sufficient" to invoke 28 U.S.C. § 1331 jurisdiction and ordered the parties to submit briefing on the matter. Doc. 12. All parties have submitted briefing, and this matter is ripe for review. *See* Docs. 14, 18. For the reasons below, the Court finds

---

[1] Defendants listed 28 U.S.C. § 1332, diversity jurisdiction, in their notice of removal. Doc. 1. The Court notes this as a typographical error; the notice of removal later described federal subject matter jurisdiction as existing because the parties "have asserted claims pursuant to federal consumer protection statutes," which describes federal-question jurisdiction under 28 U.S.C. § 1331. Doc. 1 ¶ 3.

it does not have subject matter jurisdiction over this action and remands the case to the Circuit Court of Randolph County, Alabama.

## I. LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id*. A defendant's right to remove some actions does not change the fact that the plaintiff is still the master of his claim. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing." *Id.* Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Accordingly, a defendant's removal burden is a heavy one. *Burns*, 31 F.3d at 1095.

## II. BACKGROUND AND PROCEDURAL HISTORY[2]

On November 22, 2024, First Bank initiated this action against Time Saver and Mr. Cole (collectively, "the Defendants") in the Circuit Court of Randolph County, Alabama. Doc. 1-2. The Complaint brought four counts of breach of contract alleging the Defendants

---

[2] The Court recites only the facts pertinent to supporting its order for remand.

had "failed to make full payment as required under the terms of [four] promissory note[s]." *Id.* ¶¶ 4, 8, 12, 16. On January 27, 2025, Time Saver and Mr. Cole filed an answer with counterclaims against First Bank: violation of the Truth in Lending Act[3]; breach of contract; fraud; unjust enrichment; negligent hiring, training, retention, and supervision; violation of the Federal Debt Collection Practice Act[4]; and violation of the Fair Credit Reporting Act.[5] Doc. 1-4. Mrs. Sylvia Cole—Mr. Cole's spouse and "a co-signor and personal guarantor" on the disputed promissory notes—joined the counterclaims as a "Third Party Plaintiff." *Id.*

On January 27, 2025, Time Saver, Mr. Cole, and Mrs. Cole removed this action to the United States District Court for the Middle District of Alabama alleging federal subject matter jurisdiction because some of the counterclaims were based on federal consumer protection statutes. Doc. 1 ¶ 3. On February 24, 2025, this Court ordered the parties to "file a brief explaining why this Court has subject-matter jurisdiction" because the "Court questions whether federal questions raised in a counterclaim are sufficient" to establish federal subject matter jurisdiction. Doc. 12 at 1–2.

### III.  DISCUSSION

Under 28 U.S.C. § 1441, federal district courts have jurisdiction over actions removed from state courts "if the district court would have had jurisdiction over the suit" as it was originally filed. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304-05 (11th

---

[3] 15 U.S.C. § 1601 et seq.
[4] 15 U.S.C. § 1692 et seq.
[5] 15 U.S.C. § 1681 et seq.

Cir. 2016) (citing 28 U.S.C. § 1441(a)). Federal district courts have "three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* at 1305 (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)).

Here, the parties do not allege, and there is no evidence in the pleadings, that a specific statute grants federal jurisdiction over this action. Similarly, the parties do not allege, and there is no evidence in the pleadings, that § 1332(a) diversity jurisdiction exists.[6] Thus, the only potential basis for federal jurisdiction over this removed action is § 1331 federal question jurisdiction.

Under § 1331, federal courts have jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case 'arises under' federal law" for purposes of federal question jurisdiction "if the plaintiffs plead a cause of action created by federal law or if a substantial disputed area of federal law is a necessary element of a state-law claim." *McKinnes v. Am. Int'l Grp., Inc.*, 420 F. Supp. 2d 1254, 1259 (M.D. Ala. 2006) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10, 13 (1983)).

After a thorough review, the Court finds it does not have federal-question jurisdiction over this action because First Bank's Complaint does not bring claims under

---

[6] According to the Complaint, First Bank, Time Saver, and Mr. Cole are citizens of Alabama. Doc. 1-2 ¶¶ 1-4. None of the pleadings allege Mrs. Cole's citizenship.

federal laws or require resolving a question of federal law and because counterclaims and defenses do not expand the federal-question analysis.

### A. First Bank's Complaint does not arise under federal law.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When removing an action based on federal-question jurisdiction, the defendant bears the burden of "plausibly demonstrat[ing] either (1) the existence of a federal law that potentially creates a cause of action for Plaintiff based on the allegations of Plaintiff's complaint (as amended), or (2) that disposition of the case, as alleged by Plaintiff, in his complaint, depends on the resolution of a substantial federal question." *Harbin v. City of Gadsden, Ala.*, 2012 WL 2358176, at *2 (N.D. Ala. June 19, 2012).

First Bank's Complaint brings four counts. Doc. 1-2. All four counts are for breach of contract, alleging "Defendants have failed to make full payment as required under the terms of" four promissory notes. *Id*. at 5-7. First Bank seeks "judgment jointly and severally against the Defendants in the amount of $294,355.91." *Id*. at 7. These counts do not satisfy either prong of federal-question jurisdiction. First, breach of contract is a matter of state, not federal, law. Second, the Court can grant First Bank's sought relief without resolving a substantial federal question. Thus, the face of First Bank's well-pleaded Complaint does not present a federal question. Consequently, First Bank's action does not arise under federal law and there is no federal-question jurisdiction over this action. That

is the end of the inquiry. However, for the sake of thoroughness, the Court will consider the removing parties' arguments.

### B. Sylvia Cole's claims cannot create federal-question jurisdiction.

First Bank filed this Complaint against Time Saver and Mr. Cole. *See* Doc. 1-2. Time Saver and Mr. Cole filed an Answer that included counterclaims against First Bank. *See* Doc. 1-4. Sylvia Cole, Mr. Cole's spouse who was a co-signor and personal guarantor on the disputed loans, joined the counterclaims as a "Third Party Plaintiff." *Id*. at 7-9.[7]

The Supreme Court has held "that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim" because removal jurisdiction is determined by whether the action could have been originally filed in federal court. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) (finding an action could not be removed by a party added to the lawsuit by the original defendant's counterclaims). Here, Mrs. Cole's claims against First Bank arise under federal law. However, Mrs. Cole was not originally a party to this action. Thus, following the logic of *Home Depot*—determining an action's removability by how the action was originally fashioned—Mrs. Cole's claims are irrelevant to this action's

---

[7] In its response to the Court's Order on subject matter jurisdiction, First Bank observes that Sylvia Cole does not fall within Federal Rule of Civil Procedure 14's definition of "third party plaintiff." Doc. 14 at 7 (referencing Fed. R. Civ. P. 14). Under Rule 14, a "third party plaintiff" is a party who was originally a defendant to the action and "serve[s] a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). At first glance, Sylvia Cole does not appear to fall within this definition of third-party plaintiff. However, whether Sylvia Cole is a third-party plaintiff does not change the fact that she was not a party to the original action, which is the decisive issue before the Court now.

removability. Mrs. Cole's claims against First Bank cannot create removal jurisdiction because she was not part of the action as it was originally filed.

### C. Time Saver and Mr. Cole's federal law counterclaims and defenses do not create federal-question jurisdiction.

The removing parties argue the Court has federal-question jurisdiction over this action because the counterclaims arise under federal law and because federal laws may make the disputed contracts unenforceable. Docs. 1 ¶ 3; 18 at 8.

In applying the well-pleaded complaint rule to determine whether an action arises under federal law, the Supreme Court has rejected opportunities to expand the rule to consider pleadings other than the plaintiff's complaint. *See, e.g.*, *Franchise Tax Bd.*, 463 U.S. at 10 n.9 (finding that a defendant's answer should not be consulted in the well-pleaded complaint analysis). For example, "an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). Similarly, the Supreme Court clarified that "Section 1441(a) [] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot*, 587 U.S. at 442. *See also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829-32 (2002) ("declin[ing] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule'" when considering the Federal Circuit's jurisdiction over patent law claims).

The Supreme Court protects the well-pleaded complaint rule for multiple reasons. First, the rule ensures that the plaintiff, not the defendant, is the "master of the complaint"

by allowing a plaintiff to "eschew[] claims based on federal law . . . to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398-99. Extending the rule to consider a defendant's defenses or counterclaims would enable a defendant to become the master of the complaint. *Holmes Group, Inc.*, 535 U.S. at 831-32. Second, extending the rule to consider defenses or counterclaims would "radically expand the class of removable cases, contrary to the 'due regard for the rightful independence of state governments' that our cases addressing removal require." *Id.* at 832 (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). Further, extending the rule "would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 11).

> i.  *Time Saver and Mr. Cole's counterclaims do not provide a basis for federal-question jurisdiction.*

In their Notice of Removal, the removing parties explain "[f]ederal subject matter jurisdiction exists because the Counter-Plaintiffs and Third-Party Plaintiff have asserted claims pursuant to federal consumer protection statutes." Doc. 1 ¶ 3. In their Answer to the Complaint, Time Saver and Mr. Cole bring multiple counterclaims against First Bank. Doc. 1-4. Among these counterclaims are allegations that First Bank is liable for violating the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Federal Debt Collection Practice Act, 15 U.S.C. § 1692, and the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Doc. 1-4 ¶¶ 48-62, 117-124, 125-128.

Because federal laws create the causes of action these counterclaims assert, the counterclaims "arise under" federal laws. However, counterclaims—even if they arise under federal law—cannot provide the basis for federal-question jurisdiction. This Court cannot allow Time Saver and Mr. Cole's counterclaims to open the door to the federal courthouse because, as the Supreme Court previously reflected, doing such would undermine the plaintiff's role as the "master of the complaint," would expand the scope of removal jurisdiction, and would muddle the determination of removal jurisdiction. *Holmes Group, Inc.*, 535 U.S. at 831-32.

> ii. *Time Saver and Mr. Cole's defenses do not provide a basis for federal-question jurisdiction.*

In response to the Court's Order on subject matter jurisdiction, Time Saver and Mr. Cole argue federal-question jurisdiction exists because the "enforceability" of the contracts the Complaint sues over "depends on whether the First Bank of Alabama complied with [Truth in Lending Act's] disclosure requirements." Doc. 18 at 8. Characterizing the contracts' enforceability as "the core issue" in this action, Time Saver and Mr. Cole argue federal-question jurisdiction "exists where the plaintiff's right to relief hinges on resolving a substantial question of federal law." *Id.* at 6-7 (citing *Singer v. City of Alabaster*, 821 So.2d 954, 957-58 (Ala. 2001)). But, as the removing parties acknowledge, challenges to a contract's enforceability are a *defense* to breach of contract claims. Doc. 18 at 6 ("According to Alabama law, several legal defenses can render a contract void or voidable. Contracts executed in violation of a statute are typically void and unenforceable."). Thus,

Case 1:25-cv-00078-KFP   Document 20   Filed 04/24/25   Page 10 of 11

Time Saver and Mr. Cole's defense—not First Bank's right to relief—hinges on the Truth in Lending Act.

The Truth in Lending Act may render the disputed contracts unenforceable, but federal law defenses cannot render an action properly removed to federal court. Federal law defenses do not create federal-question jurisdiction because it would undermine a plaintiff's control over his complaint, expand removal jurisdiction, and distort a straightforward rule for administering removal.

Because First Bank's Complaint does not allege federal law causes of action and its requested relief does not require resolving substantial federal questions, the Court does not have federal-question subject matter jurisdiction over this action under the well-pleaded complaint rule. *See Harbin*, 2012 WL 2358176, at *2. Neither Mrs. Cole's federal law claims nor Time Saver and Mr. Cole's federal law counterclaims or defenses change that result.

## IV.   CONCLUSION

For the reasons stated above, the Court finds that it is without subject-matter jurisdiction. Therefore, the undersigned ORDERS this case be REMANDED to state court. The Clerk of the Court is DIRECTED to take the necessary steps to remand this case back to the Circuit Court of Randolph County, Alabama.

This case is CLOSED.

DONE this 24th day of April, 2025.

/s/ Kelly Fitzgerald Pate

                                                              KELLY FITZGERALD PATE  
                                                              UNITED STATES MAGISTRATE JUDGE